**FOSTER & CREIGHTON COMPANY,**
**Plaintiff-Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY,**
**Defendant-Appellee.**

No. 71–1150.

United States Court of Appeals, Sixth Circuit.

Nov. 24, 1971.

Thomas W. Steele, Nashville, Tenn., Gullett, Steele, Sanford, Robinson & Merritt, Oliver B. Dickins, Nashville, Tenn., on brief, for appellant.

John J. Martin, New York City, Glasgow, Adams & Taylor, Nashville, Tenn., Bigham, Englar, Jones & Houston, New York City, on brief; Alfred T. Adams, Jr., Nashville, Tenn., of counsel, for appellee.

Before WEICK, EDWARDS and KENT, Circuit Judges.

PER CURIAM.

Plaintiff brought suit in the United States District Court for the Middle District of Tennessee against defendant insurance company, which had sold it an insurance policy called a "transportation policy."

The critical language in the policy to this litigation follows:

"1. This Policy insures building materials, plumbing, heating and electrical equipment, supplies and fixtures, the property of the Assured or property of others while in transit to and while on premises awaiting and

during installation until completely installed and accepted or the interest of the Assured ceases, whichever first occurs. However, in regard to building materials, coverage ceases when property is made a physical part of the realty. \* \* \* "

Certain of the critical facts were stipulated:

"3. On and around February 12, 1965, at the time of the occurrence which is the basis of this suit, plaintiff was performing work, as general contractor, and through subcontractors, on a project designed [sic] as Gulf Outlet Bridge, Orleans Parish, Louisiana, under contract with the Highway Department of the State of Louisiana.

"4. Complainant, through a subcontractor, had driven sixty-six (66) hollow pilings to a depth of eighty (80) feet, specified in the contract, at a rectangular location identified as Bent 31, and had filled the pilings with concrete and reinforcing steel. Thereafter a lateral earth movement occurred which shifted some of the pilings in the earth."

Additionally, it is undisputed that the District Court had diversity jurisdiction in this case and that the law of Tennessee applies. It is also conceded that when the 66 pilings moved, plaintiff contractor was required to add additional pilings, 44 in number, in order satisfactorily to complete the footings for which the 66 had originally been implaced, and that the additional expense totaled over $50,000.

After trial to the court, without a jury, the District Judge entered an opinion holding that there was "no loss insured under the policy" and a judgment dismissing the cause of action.

██ ██ On appeal two questions basically are presented. The first is whether or not the first two sentences of the policy quoted above are inconsistent and repugnant. The second, as we understand it, is if there is no such repugnance, whether or not the property which was damaged ever became within the terms of the policy (as interpreted in accordance with the intent of the parties) "a physical part of the realty."

On these two issues the District Judge found:

"Both plaintiff, a contractor and builder of many years, and defendant, an insurer, are sophisticated parties with knowledge of construction and construction methods. They clearly understood that when the pilings were driven and filled as aforedescribed, said pilings, being beyond recall, were permanently affixed to the realty and were intended to be so placed.

"Thus this Court holds that the pilings were no longer building materials at the time of the loss.

"The Court further finds that there is no repugnancy between the first and second sentences of the insuring agreement. The first sentence defines what is insured and the second sentence defines the duration of the coverage of building materials. Certainly a provision terminating coverage at a specified point is not repugnant to an initial statement as to scope of coverage."

Like the District Judge, we find no repugnance between the first and second sentences of the disputed insurance policy.

In addition, again like the District Judge, we believe these 80-foot pilings, when driven completely into the soil and filled with concrete and steel, had become as firmly "a physical part of the realty" as could possibly be. As to this last issue, we note but are not persuaded by appellant's argument that the pilings should not be regarded as part of the realty until they had been secured in place by the concrete cap called for in the construction plan. All we can say about this argument is that there is no language in the policy to support it. Like the District Judge, we believe that it was the intent of these parties that when these pilings were driven 80 feet into the ground, they became a part of

the realty. *See* Dudzick v. Lewis, 175 Tenn. 246, 133 S.W.2d 496 (1939); First National Bank of Rogersville v. Hawkins County and State of Tennessee, Tenn.App., 463 S.W.2d 946 (1970).

The record in this case indicates that plaintiff-appellant construction company did procure a "builder's risk" insurance policy upon two of the piers involved in this bridge, but did not do so in relation to the structure called a "Bent" involved in this litigation. Its failure in this regard does not give it the right to turn a "building materials" insurance policy into a "builder's risk" insurance policy.

The judgment of the District Court is affirmed.